IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROGER NEAL BRIDGES,<br>   Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>   Respondent. | Civil No. 7:12-CV-150-O-BL |

## REPORT AND RECOMMENDATION

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas.

In the 78th District Court of Wichita County, Texas, upon his plea of not guilty to the charge of murder, Petitioner was tried by jury and found guilty. *State v. Bridges*, No. 36,481-B (78th District Court, Wichita County, Texas). On October 15, 2002, he was sentenced to life in prison. Petition ¶¶ 1-6. On August 21, 2003, Bridges' conviction was affirmed on direct appeal. *Bridges v. State*, No. 02-03-00011-CR, 2003 WL 21986332 (Tex. App. – Ft. Worth 2003, pet. ref'd). His petition for discretionary review was refused by the Texas Court of Criminal Appeals on February 11, 2004. *In re Bridges*, No. PD-1636-03 (Tex. Crim. App. 2004). Petitioner filed one state application for habeas relief without success. *Ex parte Bridges*, No. WR-77,634-01 (Tex. Crim. App. 2012).

He now seeks federal habeas relief on the following grounds:

1. insufficient evidence to support the jury's verdict;

2. there was no evidence to prove that Petitioner knew his co-defendant had a gun;

    3.    ineffective assistance of counsel for counsel's failure to preserve errors for appeal, and;

    4.    denial of access to court records on appeal.

Petition ¶¶ 20.A-D.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

On February 11, 2004, Bridges' petition for discretionary review was refused by the Texas Court of Criminal Appeals. His conviction became final 90 days later, on May 11, 2004, the last day he could have filed a petition for writ of certiorari. *See* Sup. Ct. Rules 13.1 & 30.1. Therefore, the

one-year statute of limitations ran through May 11, 2005. Although a properly filed state habeas application will toll the statute of limitations, Bridges' state habeas application was filed in 2012, approximately seven years after his limitation period expired. *See* Petition ¶ 11. The original petition in the instant case was signed on August 29, 2012, long after the one-year deadline.[1]

Petitioner was afforded an opportunity to show cause as to why his petition should not be dismissed as time-barred. In his response, Petitioner offers no facts, circumstances or argument which could demonstrate that he should be permitted to proceed with this action despite the statute of limitations. He has not shown that he was prevented from filing his habeas petition by state action in violation of the Constitution or laws of the United States and he has not demonstrated entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year habeas statute of limitations is subject to equitable tolling); *accord United States v. Petty*, 530 F.3d 361, 364 n.5 (5th Cir 2008). Therefore, Bridges' attack on his conviction is time-barred.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as TIME-BARRED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Therefore, the Court will consider the petition filed on the date it was signed by Bridges.

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 20th day of September, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE